IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3228-D

| | | |
|---|---|---|
| TRAVEN MARQUET LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NC DEPT. OF PUBLIC SAFETY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Traven Marquet Lee ("Lee"), a state inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights [D.E. 1]. Lee seeks leave to proceed in forma pauperis [D.E. 2]. On October 22, 2013, the court reviewed the complaint pursuant to 28 U.S.C. § 1915A, dismissed one defendant, and allowed the action to proceed [D.E. 7]. On November 14, 2013, and June 11, 2014 Lee filed motions for a preliminary injunction [D.E. 11, 28]. On January 27, 2014, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [D.E. 20]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Lee about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 22]. On March 13, 2014, Lee responded in opposition to the motion to dismiss [D.E. 25]. On March 26, 2014, defendants filed a reply [D.E. 27]. As explained below, the court denies the motions, and directs Lee to file a response to this order more fully particularizing his claim.

Lee alleges that he is being denied access to the courts as a result of the policies of the North Carolina Department of Public Safety ("DPS") and several high-level agency officials, including

defendants Young and Lewis. Compl. [D.E. 1] 3–4. Lee also alleges that North Carolina Prisoner Legal Services ("NCPLS"), which defendant Pollard oversees, "ha[s] no contract with [DPS] to provide inmate access to the courts" and misled Lee "about where to file [a] lawsuit and the lawsuit was dismissed due to statu[t]e of limitations." Id. 4. Lee seeks injunctive relief from the remaining defendants. Id.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

A recent opinion from the North Carolina Court of Appeals provides a helpful background:

> In Bounds[ v. Smith], 430 U.S. [817,] 828 [(1977)], the United States Supreme Court, when reviewing a lawsuit challenging North Carolina's previous system of prison law libraries, held that the State was required by the United States Constitution "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. The Court explained that although law libraries were one way to ensure that prisoners were afforded adequate access to the courts, other forms of legal assistance, such as a state-run program of attorneys dedicated to helping prisoners with their legal claims, would also accomplish this goal. Id. at 830–32.

2

On remand, the United States District Court [for the Eastern District of North Carolina] ordered the State to develop a plan for providing legal assistance to its prisoners. As a result, the State dispensed with its prison law libraries and created NCPLS to provide legal services to its inmates. This program was upheld as constitutional by the United States District Court for the Eastern District in 1995. See Wrenn[ v. Freeman], 894 F. Supp. [244,] 249 [(E.D.N.C. 1995)].

Smith v. Beck, 195 N.C. App. 785, 673 S.E.2d 884, 2009 WL 677918, at *4 (2009) (unpublished).

In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court clarified Bounds and noted that " an inmate alleging a violation of Bounds must show actual injury . . . " Id. at 349. Furthermore, an inmate "cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351. Rather, the inmate must show that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. The Court also stated:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

518 U.S. at 355; see O'Dell v. Netherland, 112 F.3d 773, 776 (4th Cir. 1997) (per curiam); Morris v. Cochran, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc).

Defendants acknowledge that "[h]istorically, the former Department of Correction was the state entity obligated to ensure that inmates had access to court in accordance with the constitutional standards explained in *Bounds* and *Lewis*." Mem. Supp. Mot. Dismiss 6. Nonetheless, defendants seek dismissal because the legislature "shifted the obligation from the Department of Correction to the Office of Indigent Services" in 2005. Id. 6 (citing N.C. Gen. Stat. § 7A-498.3(2a)); see Smith, 2009 WL 677918, at *8 ("in 2005, the State passed legislation providing that the Office of Indigent

3

Defense Services would be responsible for administering NCPLS"). Essentially, defendants assert that Lee has named the wrong defendants. At this stage, however, this argument is grounds for possible discovery to determine the proper defendant and amendment of the complaint if necessary rather than dismissal. See, e.g., Fed. R. Civ. P. 26(d); Goodman v. Praxair, Inc., 494 F.3d 458, 469 (4th Cir. 2007) (en banc); Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 557 (7th Cir. 1996); Schiff v. Kennedy, 691 F.2d 196, 198 n.1 (4th Cir. 1982). Thus, the court denies the motion to dismiss.

As for the merits, under 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]", Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006). To state a claim for denial of access to the courts, the inmate must show actual injury or that defendants' conduct hindered his efforts to pursue a legal claim concerning his conviction, sentence, or conditions of confinement. See, e.g., Lewis, 518 U.S. at 351–57; Michau, 434 F.3d at 728; Cochran, 73 F.3d at 1317.

Lee's complaint alleges as follows:

> I requested assistance on July 20, 2009 about filing a lawsuit that was not covered in [NCPLS's] statement of work. I was mislead [sic] about where to file my lawsuit and the lawsuit was dismissed due to statu[t]e of limitations. Also, I have been denied assistance on a meritorious Tort Claim that I currently have pending.

Compl. 4. Lee does not describe the type of lawsuit that was dismissed, and the court doubts whether Lee's "meritorious Tort Claim" would "support a claim that [Lee] was denied his constitutional right of access to the courts." Thomas v. Rochell, 47 F. App'x 315, 317 (6th Cir. 2002) (unpublished); see Lewis, 518 U.S. at 356 (prisoner must allege that official acts thwarted a non-frivolous legal challenge to his conviction, sentence, or conditions of confinement); Walker v.

4

Zenk, 323 F. App'x 144, 147 (3d Cir. 2009) (per curiam) (unpublished). Accordingly, Lee must amend his complaint to particularize his allegations. Lee is warned that amendment of his complaint is limited to the specific lawsuit that was dismissed and the allegedly meritorious tort claim. The court will review the amended allegations pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether Lee may proceed with this action. The court warns Lee that his failure to respond in accordance with this order will result in the dismissal of this action without prejudice for failure to prosecute.

As for Lee's motions for a preliminary injunction, the substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Lee has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Accordingly, the court denies the motions [D.E. 11, 28].

5

In sum, the court DENIES the pending motions [D.E. 11, 20, 28] and DIRECTS Lee to file a response to this order on or before July 8, 2014, which more fully describes the factual bases underlying the dismissed lawsuit and the tort claim. If Lee fails to file a response in accordance with this order, the clerk shall enter judgment dismissing the case without prejudice for failure to prosecute without further order of the court.

SO ORDERED. This **23** day of June 2014.

JAMES C. DEVER III
Chief United States District Judge